IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| ARNILO PARKS, | * |
| Plaintiff, | * |
| v. | * |
| | Civil Action No. GLR-22-3269 |
| WARDEN CARLOS BRUENS et al, | * |
| | * |
| Defendants. | |

\*\*\*

# MEMORANDUM OPINION

On February 3, 2023, Plaintiff Arnilo Parks filed a Supplement to his Complaint, (ECF No. 5), and Motion to Proceed in Forma Pauperis, (ECF No. 6), as directed by the Court, (ECF No. 3). He had previously filed an additional supplement on January 6, 2023 (ECF No. 4). The Court will construe all three documents, (ECF Nos. 1, 4, 5), as the operative pleadings. Parks appears indigent, and the motion will be granted.

The Court received a letter from Parks generally complaining of conditions of confinement at RCI, where he is housed. (Compl. at 1, ECF No. 1). Parks was advised to supplement the Complaint to provide additional information to his original claim. (Order at 1–2, ECF No. 3). Specifically, the Court required Parks to (1) include the names of each individual he seeks to hold responsible for the alleged wrongdoing; (2) the dates of the events that allegedly deprived him of his constitutional rights; (3) a description of the harm he suffered or is in danger of suffering from each of these incidents; and (4) the facts indicating the action taken by each named Defendant. (Id.).

Sections 1915(e)(2)(B) and 1915A of 28 U.S.C. require this Court to conduct an initial screening of this complaint and dismissal of any complaint that (i) is frivolous or malicious; (ii) fails to state a claim upon which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b); see also Lomax v. Ortiz-Marquez, 140 S.Ct. 1721 (2020). The initial Complaint, (ECF No. 1), and both Supplements, (ECF Nos. 4, 5), have been reviewed by the Court with respect to the 28 U.S.C. §§ 1915(e)(2)(B) and 1915A criteria. Parks provides general conclusory statements in all three documents. He names Defendants Warden Carlos Bruens, Todd Hall, Wayne Hill, and Robert Green, who appear to be supervisory officials.[1] (2d Suppl. at 1, ECF No. 5). He alleges that he "[was] denied [his] legal rights to religious services, legal library, rehabilitative programming and daily recreational standards," (Suppl. at 1, ECF No. 4), which are mere general statements without specificity of an exact harm. He further complains about a lack of access to programs, hygiene, haircuts, schooling, cell cleaning or cleaning supplies. (2d Suppl. at 2). He requests that a "federal probe of this institution be conducted," as well as an injunction that mandates RJI to "function as a medium security institution" and monetary damages. (Suppl. at 2). The crux of the Complaint and Supplements appear to be that RCI is a medium security facility but is operating as a maximum-security facility. (See Compl. at 1; 2d Suppl. at 1–2). He asks to be transferred from RCI to either Maryland Correctional Institution at Jessup ("MCI-J") or Jessup Correctional Institution ("JCI"). (2d Suppl. at 2).

---

[1] The Clerk is directed to update the docket to add Wayne Hill and Robert Green as Defendants.

Although district courts have a duty to construe self-represented pleadings liberally, a plaintiff must, nevertheless, allege facts that state a cause of action. See Beaudett v. City of Hampton, 775 F.2d 1274, 1278 (4th Cir. 1985) (finding that although courts have a duty to construe pro se complaints liberally, courts are not required to "conjure up questions never squarely presented to them."). The Court finds that Parks's conclusory allegations are insufficient to state a claim.

The Eighth Amendment "protects inmates from inhumane treatment and conditions while imprisoned." Iko v. Shreve, 535 F.3d 225, 238 (4th Cir. 2008) (quoting Williams v. Benjamin, 77 F.3d 756, 761 (4th Cir. 1996)). Conditions of confinement that "involve wanton and unnecessary infliction of pain" or "deprive inmates of the minimal civilized measure of life's necessities" may amount to cruel and unusual punishment. Rhodes v. Chapman, 452 U.S. 337, 347 (1981). However, conditions that are merely restrictive or even harsh "are part of the penalty that criminal offenders pay for their offenses against society." Id. In order to establish the imposition of cruel and unusual punishment in conditions of confinement, a prisoner must prove two elements: that "the deprivation of [a] basic human need was objectively sufficiently serious, and that subjectively the officials act[ed] with a sufficiently culpable state of mind." Shakka v. Smith, 71 F.3d 162, 166 (4th Cir. 1995) (internal quotations and citation omitted). "These requirements spring from the text of the amendment itself; absent intentionality, a condition imposed on an inmate cannot properly be called 'punishment,' and absent severity, such punishment cannot be called 'cruel and unusual.'" Iko, 535 F.3d at 238 (quoting Wilson v. Seiter, 501 U.S. 294, 298–300 (1991)).

3

The general allegations made by Parks regarding the conditions of his confinement do not indicate a violation of his constitutional rights. Further, prisoners do not have a constitutional right to be housed at a facility of their own choosing or to participate in a particular program. See Pevia v. Hogan, 443 F.Supp.3d 612, 634–35 (D.Md. 2020) (collecting authority for the proposition that prisoners have no constitutional right "to be housed in a particular institution, at a particular custody level, or in a particular portion or unit of a correctional institution"); Erisman v. Campbell, No. DKC-17-0054, 2018 WL 704850, at *7 (D.Md. Feb. 5, 2018) ("[I]t is well established that prisoners do not have a constitutional right to access programs or to demand to be housed in one prison versus another, absent a showing of significant hardships."). "[G]iven a valid conviction, the criminal defendant has been constitutionally deprived of his liberty to the extent that the State may confine him and subject him to the rules of its prison system so long as the conditions of confinement do not otherwise violate the Constitution." Meachum v. Fano, 427 U.S. 215, 224 (1976); see also Sandin v. Conner, 515 U.S. 472, 484 (1995) (requiring an atypical and significant hardship as prerequisite to creation of a constitutionally protected liberty interest). A protected liberty interest under this standard "will be generally limited to freedom from restraint which, while not exceeding the sentence in such an unexpected manner as to give rise to protection by the Due Process Clause of its own force . . . , nonetheless imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." Sandin, 515 U.S. at 484. Because it is well established that prisoners do not have a constitutional right to access programs or to demand to be

housed in one prison verses another, absent a showing of significant hardship, these allegations do not state a claim.

The Complaint and Supplements must be dismissed for failure to state a claim. Parks is forewarned that his right to file a complaint in federal court without first paying the filing fee ($402) will be greatly curtailed if he has three actions or appeals dismissed as frivolous, malicious, or for failure to state a claim, under the provisions of 28 U.S.C. Sections 1915(e)(2)(B)(i)(ii) and 1915A(b)(1) while he is incarcerated. See 28 U.S.C. § 1915(g). Additionally, dismissal with or without prejudice for any of the grounds enumerated in 28 U.S.C. §§ 1915(e)(2)(B)(i) or (ii) may later be deemed a "strike" under the Act. Lomax v. Ortiz-Marquez, 140 S.Ct. 1721, 1724 (2020); see also 28 U.S.C. § 1915(g); Pitts v. South Carolina, 65 F.4th 141, 145 (4th Cir. 2023) (holding that a district court may not, at the time it dismisses a complaint under §1915(e), determine that the dismissal will count as a strike in the future application of § 1915(g)'s three strike rule).

This case is dismissed under 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to state a claim. The motion to proceed in forma pauperis will be granted. A separate order follows.

Entered this 9th day of November, 2023.

                                            _____/s/_____
                                            George L. Russell, III
                                            United States District Judge